UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CURTIS COLLINS, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:14CV1926 ACL |
| ELLIS McSWAIN, JR.,[1] | ) |
| Respondent. | ) |

## MEMORANDUM

This matter is before the Court on the Petition of Curtis Collins for a Writ of Habeas Corpus under 28 U.S.C. § 2254.

## I. Procedural History

On December 15, 2009, Collins pleaded guilty to one count of manufacturing or production of a controlled substance in the Circuit Court of Ste. Genevieve County, Missouri. (Doc. 10-1 at 23-29.) The court sentenced Collins to a term of fifteen years' imprisonment. *Id.* at 8. The court suspended execution of that sentence and placed him on probation for a period of five years. *Id.* Collins' probation was revoked on January 17, 2012. *Id.* at 12.

On February 29, 2012, Collins filed a *pro se* Motion to Vacate, Set Aside or Correct the Judgment or Sentence pursuant to Missouri Supreme Court Rule 24.035. *Id.* at 34-40. On

---

[1]Petitioner has named as respondent Scott Lawrence, Warden of the Algoa Correctional Center, the institution at which he was confined when he filed the Petition. It appears that Petitioner has since been released on parole. (Doc. 12.) As such, the proper respondent is "the particular ... parole official in charge of the parole agency." Rule 2 of the Rules Governing § 2254 Cases in the United States District Courts (Advisory Comm. Notes). Ellis McSwain, Jr., the Chairman of the Missouri Board of Prob. and Parole, is the proper respondent in this petition. The Court will substitute Ellis McSwain, Jr., as the proper respondent.

August 7, 2012, after appointment of counsel, Collins filed an Amended Motion to Vacate, Set Aside or Correct Judgment and Sentence. *Id.* at 45-48. Collins argued that he was denied effective assistance of counsel because plea counsel failed to adequately investigate his case; and failed to raise the issue of the prosecutor's conflict of interest. *Id.* On November 5, 2012, the motion court denied Collins' motion, and his request for an evidentiary hearing. *Id.* at 49-51.

In his appeal from the denial of post-conviction relief, Collins argued that post-conviction counsel abandoned him by failing to sufficiently allege facts in support of his request for relief. (Doc. 10-2.) On June 28, 2013, the Missouri Court of Appeals dismissed Collins' appeal, finding his claim was not properly before the court. (Doc. 10-5.)

On November 12, 2014, Collins, *pro se*, filed the instant Petition for a Writ of Habeas Corpus. (Doc. 1). In his sole ground for relief, Collins argues that post-conviction appellate counsel was ineffective for failing to assert the claims raised in his post-conviction motion and instead asserting only the abandonment claim.

On March 3, 2015, Respondent filed a Response to Order to Show Cause, in which he argues that the Petition is untimely. Respondent argues in the alternative that Petitioner's claim is not cognizable. (Doc. 10-8.)

Collins has filed a Traverse, in which he provides additional argument in support of his claims. (Doc. 11.)

## II. Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. § 2254(d), which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in *Williams v. Collins*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

### III. Statute of Limitations

Respondent first argues that the Petition should be dismissed because Petitioner failed to file his Petition within one year as required by 28 U.S.C. § 2244(d)(1)(A). "The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year limitations period for state prisoners to file federal habeas corpus petitions." *Bear v. Fayram*, 650 F.3d 1120, 1122 (8th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)). This one-year period begins to run from "the

date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). A habeas petition filed after the expiration of the limitations period is untimely and must be dismissed on that basis. *Bear*, 650 F.3d at 1122, 1125.

Pursuant to Missouri Supreme Court Rules 30.01 and 81.04, Collins had ten days after his December 15, 2009 conviction in which to file his appeal. Collins did not directly appeal his conviction or sentence. The statute of limitations under AEDPA therefore began to run on December 25, 2009, and expired on December 25, 2010. Although Collins sought post-conviction relief, he did not file his post-conviction motion until February 29, 2012, after the statute of limitations for his federal habeas petition expired. As such, the one-year limitations period was not tolled during the pendency of Collins' post-conviction proceedings. Similarly, Collins' Rule 91 habeas petition filed in state court in 2014 does not toll the statute of limitations. *See Gray v. Gammon*, 283 F.3d 917, 918 (8th Cir. 2002) (finding Rule 91 proceeding did not toll the statute of limitations in § 2244(d)(1) where petitioner did not file his Rule 91 petition until after the one-year limitations period expired). Thus, the Petition filed on November 12, 2014 is untimely.

### IV. Petitioner's Claim

In his sole ground for relief, Collins argues that his post-conviction appellate counsel was ineffective for alleging that Collins was abandoned by post-conviction counsel, and failing to assert the claims raised in his post-conviction motion.

Claims of ineffective assistance of post-conviction counsel or post-conviction appellate counsel are not independent grounds for relief in federal habeas cases. 28 U.S.C. § 2254(i) ("ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction

proceedings shall not be a ground for relief in a proceeding arising under section 2254"). These claims are not cognizable as there is no constitutional right to post-conviction relief counsel. *See Pennsylvania v. Finley,* 481 U.S. 551, 557 (1987); *Oxford v. Delo,* 59 F.3d 741, 748 (1995); *Lowe-Bey v. Groose,* 28 F.3d 816, 820 (8th Cir. 1994).

The United States Supreme Court has held that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez v. Ryan,* 132 S. Ct. 1309, 1315 (2012). In this case, Collins is not alleging ineffective assistance of post-conviction counsel to excuse the default of a claim of ineffective assistance of trial. As such, *Martinez* does not apply.

Thus, Collins' ineffective assistance of post-conviction appellate counsel claim is not cognizable in this action, and the Petition will be denied.

## V. Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). In this case, Collins has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, no Certificate of Appealability shall be issued.

**ORDER**

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that the instant Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied** and be **dismissed with prejudice** by separate judgment entered this date.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Petitioner be denied a Certificate of Appealability if Petitioner seeks to appeal this Judgment of Dismissal.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE

Dated this 22nd day of February, 2018.